[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT AND ATTORNEYS FEES FOR MINOR CHILD
On February 27, 2001, the plaintiff moved for a review and/or contempt based on the defendant's failure to pay alimony of sixteen (16.0%) percent of net bonuses he receives from his employment. The essence of the claim is that the defendant withholds a larger amount for federal taxes than he actually pays, and that he has therefore underpaid the alimony due from the bonuses. Both parties agree that there has been an underpayment but disagree about what the amount due is.
The judgment requires the defendant to pay the sum of $50.00 per week as alimony for a period of six and one-half years commencing on January 7, 2000, and also requires him to pay an additional sixteen percent of any net bonus he receives from his employment. It states: "For purposes of this agreement `net' shall be the amount remaining after the deduction of reasonable and necessary taxes . . ." For the year 2000, the defendant filed a tax return indicating $134,929.85 in wages, but his actual earnings were higher because of a 401k contribution. His total earnings from his employment were $143,905.85 including the 401k contribution. He CT Page 9199 withheld $41,233.86 in federal taxes. That is 30.6% of the wages and bonus, and 28.7% of his total compensation. The actual taxes due, however, were $29,935.98, which represents 22.2% of his wages and bonus or just under 21% of his total compensation. He receives his bonus quarterly throughout the year.
Because of his greater than necessary withholding, the defendant underpaid the plaintiff $5,228.43 from his 2000 bonuses, and he is ordered to authorize that amount to be released from the escrow of the refund check to Ms. Strange immediately together with interest at 10%. In addition, he shall pay Ms. Strange's reasonable attorney fees for the prosecution of her motion. She shall submit an affidavit of attorney fees. If, on receiving it, Mr. Epstein wishes to contest the amount, he shall notify counsel and the court so that a hearing can be convened. If he does not do so within twenty-one days of the filing of the affidavit, the sums are ordered to be paid from the escrow account to Ms. Strange.
In the future, he shall use a tax rate of 22% in determining the amount of money he owes Ms. Strange from his bonuses. This amount is consistent with his recent tax rates. If he experiences a higher actual tax rate in any year, he can seek a refund of any overpayment attributable to that higher tax rate for that year after he has filed his tax returns.
In addition, Mr. Strange shall pay to the attorney for the minor child all her reasonable fees to date incurred in connection with his motion to modify, without prejudice to whatever determination might be made in the future about allocation of those fees as his motion proceeds. The same procedure for submitting an affidavit and objection shall apply.
All sums in escrow not herein ordered to be paid to Ms. Strange or the attorney for the minor child shall be returned to Mr. Epstein within ten days of the final disbursal of the other sums.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.